# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**KRISTOPHER JAMES THOMPSON,**

       **Plaintiff,**

v.                                         **Case No:  5:15-cv-380-Oc-28PRL**

**VICTOR MUSLEH, STATE OF
FLORIDA, BANK OF AMERICA, NA,
and DOES 1-50,**

       **Defendants.**

_____

## ORDER

This case is before the Court on Plaintiff's Ex Parte Application for Emergency Temporary Restraining Order and Equitable Stay Pending Notice of Constitutional Challenge (Doc. 2).[1]  As set forth below, the motion is denied.

### I.    Background

Kristopher James Thompson, appearing *pro se*, brings this action against Victor Musleh, a state court judge; the State of Florida; Bank of America, NA; and Does 1-50. (Compl., Doc. 1).  In the Complaint, Plaintiff describes state court proceedings[2] relating to the foreclosure of a mortgage on property that he owns in Ocala, Florida.  Plaintiff asserts that the mortgage has been satisfied but that nevertheless, in May 2013 Bank of America

---

[1] Plaintiff filed this motion and his Complaint on July 29, 2015.  The case was reassigned to the undersigned on July 30, 2015, after the originally-assigned judge entered an order of recusal.  (See Docs. 4 & 5).

[2] Case No. 13-1741-CA in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.  (See Exs. 2 through 7 & 9 to Compl. (state court filings that include the case caption)).

"attempted to initiate an action in Marion County Court to foreclose on [his] lawfully owned property, without standing." (Compl. ¶¶ 25-26).  Plaintiff further alleges that the state court judge entered an order of summary judgment on April 10, 2015.  (Id. ¶ 36).

The state court judge issued orders to show cause why Plaintiff should not be held in contempt, found him in contempt on at least two occasions in June 2015, and incarcerated him.  (See id. at 9-13; State Court Orders, Exs. 2, 5, 6, & 9 to Compl.).  Plaintiff alleges that the state court judge's actions in finding him in contempt and incarcerating him are "in retaliation as a manner of enforcement of his final judgment currently on appeal."[3] (Compl. ¶ 65).

In his Complaint, Plaintiff sets forth nine counts:  "Declaratory Judgment that the Florida Foreclosure Statutes and Court Docket Initiatives, Florida Rules of Evidence, and Florida Rules of Civil Procedure are Unconstitutional" (Count One); "Vindication of Rights for Racial and Socio-Economic Discrimination, Violations Under Color of Law and Conspiracy Against Rights, Through Use of Unconstitutional Foreclosure Statutes (42 U.S.C. § 1983, 1985, 1988)" (Count Two); Common Law Conspiracy against Musleh and the State of Florida (Count Three); "Declaratory Judgment That The Unconstitutional Summary Judgment of Foreclosure and Orders of Contempt are Void" (Count Four); Unfair and Deceptive Practices (Count Five); Abuse of Legal, Legislative, and Regulatory Process (Count Six); Intentional Infliction of Emotional Distress (Count Seven); Negligent Infliction of Emotional Distress (Count Eight); and "Emergency, Temporary, and Permanent

---

[3] Plaintiff does not elaborate on the appeal of the final judgment.  Publicly-available records from Florida's Fifth District Court of Appeal reflect that Plaintiff's appeal—from a Marion County Final Civil Foreclosure Notice—was filed on May 6, 2015, and assigned Case No. 5D15-1574.  Those records further reflect that on July 20, 2015, the Fifth DCA issued an order so show cause for lack of prosecution for failure to file an initial brief.

Injunctive Relief" (Claim Nine). (Compl. at 14-34). And, in the motion (Doc. 2) that is now before the Court, Plaintiff requests that this Court: "vacate orders of the State Court for violation of due process," (id. at 1); "direct the Clerk of the Marion County District Court to expunge the same or alternatively, that this court conclude the orders issued by Defendant Musleh are void for violations of civil rights for racial and socio economic [sic] discrimination, violations of the Constitution of The United States of America, violations of the Truth in Lending Act, [and] Violations of the Americans with Disabilities Act," (id. at 2); enter a "temporary restraining order against the continual abuse of the contempt orders to facilitate retaliatory and unlawful incarceration," (id.); "grant at a minimum a 60 day temporary restraining order and or equitable stay of all court orders," (id.); "issue a stay of all legal actions including the pending contempt orders that certainly will continue to be abused," (id. at 5); and "issue an Emergency Temporary Restraining Order against Defendants enjoining their attempts at further contempt and incarceration," (id. at 11).

## II.    Analysis

Although Plaintiff's recounting of the events in state court is less than complete, it is clear that Plaintiff requests that this Court vacate or stay orders entered by the state court. Plaintiff asks this federal court to either review state court orders or interfere with ongoing state court proceedings, or both. Under these circumstances, this Court either lacks jurisdiction to award the relief requested under the Rooker/Feldman[4] doctrine or must abstain from exercising jurisdiction under the principles espoused in Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

---

[4] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

### A.    Rooker/Feldman

"The Rooker/Feldman doctrine provides that federal courts, other than the Supreme Court, lack jurisdiction to review the final judgments of state courts." Shapiro v. Ingram, 207 F. App'x 938, 940 (11th Cir. 2006).  To the extent that Plaintiff asks this court to review the state court foreclosure judgment or any other order entered by the state court, this Court lacks subject matter jurisdiction to do so under Rooker/Feldman.  See also Rene v. Citibank NA, 32 F. Supp.2d 539, 543 (E.D.N.Y. 1999) (noting that "[t]he claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court" and that the Rooker/Feldman doctrine therefore deprived the federal court of subject matter jurisdiction over those claims).

### B.    Younger

Insofar as Plaintiff asks this Court to interfere with ongoing state court proceedings or the state court's contempt orders, this Court must abstain from exercising jurisdiction in accordance the principles of Younger.  "Although abstention is the exception and not the rule, '[f]ederal courts should abstain from exercising their jurisdiction if doing so would disregard the comity between the States and the National Government.'" Shapiro, 207 F. App'x at 939 (alteration in original) (quoting Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004)) (further internal quotation omitted).

In Juidice v. Vail, 430 U.S. 327 (1977), the Supreme Court extended Younger to a case involving interference with a state court's contempt process.  The Court explained that "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest." 430 U.S. at 335.  The

4

Juidice Court concluded that "federal-court interference with the State's contempt process is an offense to the State's interest" and that "such interference with the contempt process not only unduly interfere[s] with the legitimate activities of the Stat[e] but also can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles."  Id. at 336 (alterations in original) (citations and internal quotations omitted); accord Shapiro, 207 F. App'x at 940 (noting that "any injunctive relief granted in this case would unduly interfere with state court proceedings" where the district court would have had to "direct [the state court judge] to reverse her prior rulings, effectively telling the state court how to run its contempt proceeding").   This Court therefore must abstain from interfering with the state court contempt process here.

## III.  Conclusion

Either the Rooker/Feldman doctrine or Younger abstention principles preclude the emergency injunctive relief requested from this federal court by Plaintiff.  Accordingly, it is **ORDERED** that Plaintiff's Ex Parte Application for Emergency Temporary Restraining Order and Equitable Stay Pending Notice of Constitutional Challenge (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 3, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties